Curia, per Frost, J.
It is clear, that by the alleged parol gift of their father, no title was vested in the plaintiffs. — • Having entered into possession under the gift, they might hold adversely to the donor, and thus acquire a title by the statute of limitations. By adverse possession for the statutory term, the occupant may establish a right to the land within *26 his enclosure or actual occupation. But if he claims possession beyond the land thus occupied, the extent and limits of that possession must be defined by reference to some colora-ble title, as a deed or platt, or by visible marked lines, reputed boundaries, or other equivalent evidence. No right can be founded on an undefined possession ; for the jury cannot a verdict for the claimant without evidence, which may them to locate the land by metes and bounds.
The claim of the plaintiffs must be considered with reference to their possession, before the death of John Golson, their father, and afterwards. John Golson lived on the tract, cultivating part of it, which extended his possession over the whole. Each of the plaintiffs had a settlement on the tract. No deed nor platt, nor visible, reputed or recog-nised line, separated their several possessions from that of John Golson. Nothing was shown which abridged John Golson’s legal possession of the entire tract, except the fields and inclosures of the plaintiffs ; nor any thing from which it might be inferred that either of the plaintiffs claimed any part of the tract beyond that in their actual occupation.— Their claims under the statute, must then be restricted to their actual possession.
This objection to the plaintiffs’s recovery; beyond their actual possession, cannot be obviated by their joining in the action. They cannot claim, as tenants in common, the entire tract. Even if it were possible to disregard the title of John Golson, by his possession he would be their co-tenant. In this view he would be entitled to share the land equally with them; and they could not claim against him adversely. But it is conclusive against the pretension of the plaintiffs to recover, on a joint possession, the whole tract, that they claim by several and distinct trespasses, on the admitted title of John Golson. Two or more trespassers, on a tract of land, cannot unite their several adverse possessions, and claim the whole of it as tenants in common. The minority of the children of Mrs. Robinson precludes any claim by possession, after the death of John Golson.
Questions, not made at the trial, nor in the grounds of appeal, have been argued, but are not noticed, because not necessary to the decision of the motion.
The jury having found for the plaintiffs the entire tract, the verdict cannot be supported by the evidence. If the plaintiffs can possibly make a case, an opportunity is given by ordering a new trial.
The whole Court concurred.

Motion granted.